**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| Myra A., <br><br>　　　　　Plaintiff, <br><br>　　v. <br><br>Commissioner of Social Security, <br><br>　　　　　Defendant. | Case No. 2:23-cv-00196-BNW <br><br>**ORDER GRANTING MOTION FOR ATTORNEY'S FEES** |

　　　This is an action for judicial review of the denial of social security benefits under 42 U.S.C. § 405(g). On March 15, 2024, this Court remanded this action for further proceedings. ECF No. 26. Plaintiff's attorney moves for an unopposed award of attorneys' fees under the Equal Access to Justice Act ("EAJA") following Plaintiff's successful motion for remand. ECF No. 27. As discussed below, the Court grants the motion.

**I.　　Legal Standard**

　　　Under the EAJA, "a court shall award to a prevailing party other than the United States fees and other expenses ... unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A); *see also Pierce v. Underwood*, 487 U.S. 552, 566 n. 2 (1988); *Hardisty v. Astrue*, 592 F.3d 1072, 1076 (9th Cir. 2010). "[F]ees and other expenses" include "reasonable attorney fees." 28 U.S.C. § 2412(d)(2)(A).

　　　Under the EAJA, attorney's fees are set at the market rate, but capped at $125 per hour "unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A). The Ninth Circuit has set the applicable statutory maximum hourly rate under the EAJA, adjusted for increases in the cost of living by year. The Ninth Circuit's posted rates increase the statutory maximum contained in 28 U.S.C. § 2412(d), making the $125 per hour

contained in the statute the floor, not the ceiling, rate. *Robinson v. Berryhill*, 781 F. App'x 580, 581 (9th Cir. 2018).

The Court has an independent obligation for judicial review of the reasonableness of the amount of fees sought under the EAJA regardless of whether the request is opposed. *Douzat v. Saul*, 2020 WL 3408706, at *1 (D. Nev. June 11, 2020). This obligation is also highlighted by the Court's Local Rules. See Local Rule 7-2(d) (an unopposed motion may be summarily granted except, inter alia, a motion for attorneys' fees); Local Rule 54-14(d) ("If no opposition is filed, the court may grant the motion [for attorneys' fees] after independent review of the record").

Fees awarded pursuant to the EAJA are calculated pursuant to the lodestar method. *Costa v. Comm'r of Soc. Sec. Admin.*, 690 F.3d 1132, 1135 (9th Cir. 2012). Under the lodestar method, the Court determines a fee award by multiplying the number of hours reasonably expended by a reasonable hourly rate. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). The lodestar figure is presumptively reasonable. *Cunningham v. Cty. of Los Angeles*, 879 F.2d 481, 488 (9th Cir. 1988). Courts have "substantial discretion in fixing the amount of an EAJA award." *I.N.S. v. Jean*, 496 U.S. 154, 163 (1990).

The touchstone in determining the hours for which attorneys' fees should be calculated is whether the expenditure of time was reasonable. *See, e.g., Marrocco v. Hill*, 291 F.R.D. 586, 588 (D. Nev. 2013).

**II. Analysis**

At the outset, the Court notes that the government does not dispute that (1) Plaintiff is the prevailing party and (2) does not argue that its position was substantially justified or that other circumstances make the award unjust. In the absence of any evidence to the contrary, this Court finds fees are proper in this case.

Plaintiff seeks to recover 23.2 hours of attorney time spent in 2023 and 2024 at a rate of $244.62. The following attorneys were involved in this case: Howard D. Olinsky, Hal Taylor, Edward Wicklund, Melissa DelGuercio, and April Carr. Plaintiff also requests 5.3 hours of paralegal time at $100 per hour. ECF No. 27. The paralegals involved in the case were Lillian

1  Truong, Craig Lewis, Miguel Negron, Jordan Harcleroad, Garce Rosario, Nicole Addley,
2  Nathalia Solivan, Brenden Perrigo, Sarah Kowal, and Jake Marshall. The Court finds that the
3  reported hours are reasonable and will therefore include 23.2 hours for attorney time and 5.3
4  hours of paralegal time spent on the case in the lodestar calculation. Having said that, the parties
5  have agreed to a reduced amount of $5,894.92.
6       Plaintiff explains that the attorneys who have worked on this case are highly skilled and
7  that their rates are in line with prevailing market rates in the community. Moreover, the Ninth
8  Circuit has set the applicable statutory maximum rates for 2023 at $244.62 per hour, which is the
9  rate requested here.[1]
10 / / /
11 / / /
12 / / /
13 / / /
14 / / /
15 / / /
16 / / /
17 / / /
18 / / /
19 / / /
20 / / /
21 / / /
22 / / /
23 / / /
24 / / /

---

[1] *Statutory Maximum Rates Under the Equal Access to Justice Act*, U.S. CTS. FOR THE NINTH CIR., https://www.ca9.uscourts.gov/attorneys/statutory-maximum-rates/ (last visited June 20, 2024).

1   **IT IS THEREFOREORDERED** that the motion for attorney's fees (ECF No. 27) is
2   **GRANTED**. Plaintiff's attorney, Olinsky Law Group, is awarded attorneys' fees pursuant to 42
3   U.S.C. § 406(b) in the amount of $5,894.92.

4   **IT IS FURTHER ORDERED** that if, after receiving the Court's EAJA fee Order, the
5   Commissioner (1) determines upon effectuation of the Court's EAJA fee Order that Plaintiff does
6   not owe a debt that is subject to offset under the Treasury Offset Program, and (2) agrees to waive
7   the requirements of the Anti-Assignment Act, the EAJA fees will be made payable to Plaintiff's
8   attorney. However, if there is a debt owed under the Treasury Offset Program, the Commissioner
9   cannot agree to waive the requirements of the Anti-Assignment Act, and the remaining EAJA
10  fees after offset will be paid by a check made out to Plaintiff but delivered to Plaintiff's attorney.
11  Any payment of costs may be made either by electronic transfer fund (EFT) or by check. This
12  award is without prejudice to the ability of Plaintiff's attorney to seek Social Security Act
13  attorney fees under 42 U.S.C. § 406(b), subject to the savings clause provisions of the EAJA.

DATED: June 20, 2024

_____
BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE